IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY GRIMMETT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-876-N |
| | § | |
| KEISHA COLEMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Desoto Independent School District's ("DISD") motion to dismiss Plaintiffs' amended complaint [8].[1]  Because the Plaintiffs' claims are not subject to administrative exhaustion, the Court retains jurisdiction of the case. However, because Plaintiffs have not pled their claims against DISD with enough specificity, the Court dismisses their claims but allows the Plaintiffs leave to amend.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute regarding the alleged abuse of a four-year-old child while at school.  Plaintiffs Ashley and Jeremy Grimmett enrolled their son, J.G., an incapacitated minor, in Amber Terrace Elementary School within DISD.  Am. Compl. ¶ 6. J.G. has been diagnosed with Trisomy 2 Chromosome Disorder and Autism.  *Id*. ¶ 10.  As a result, he suffers from severely impaired verbal and motor skills.  *Id*. ¶ 10.  In 2019, DISD classified J.G. as a disabled student requiring certain accommodations.  *Id*. ¶ 11.

---

[1] The motion and this Order address only Plaintiffs' claims against DISD.

ORDER – PAGE 1

In February 2020, the Grimmetts discovered that J.G. had been abused by a teacher's aide employed by DISD. *Id*. ¶¶ 12–13. They contacted both campus and district officials to investigate what happened to their child. *Id*. ¶¶ 14, 16. The Grimmetts filed suit against DISD and several co-defendants asserting claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and Title VI of the Civil Rights Act of 1964. *Id*. ¶ 2. The Grimmetts allege that DISD violated J.G.'s rights by maintaining customs and policies resulting in failure to train and supervise, failure to monitor video surveillance, and failure to monitor the use of restraints in non-emergency circumstances. *Id*. ¶¶ 17–22. DISD now moves to dismiss based on the Grimmetts' failure to exhaust administrative remedies and failure to state a claim.

## II. LEGAL STANDARDS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12

### *A. Rule 12(b)(1) Legal Standard*

A Rule 12(b)(1) movant may challenge subject matter jurisdiction through either a facial attack, which challenges the sufficiency of the pleadings, or a factual attack, which provides evidentiary materials in addition to the motion. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). In determining whether subject matter jurisdiction exists, courts may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). When "'standing is challenged on the basis of the pleadings,' [courts] must 'accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining

ORDER – PAGE 2

party.'" *Ass'n of Am Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)) (first alteration and omission in original). Plaintiffs bear the burden of proof in the Rule 12(b)(1) context, but a court should grant the motion "only if it appears certain that the plaintiff cannot prove a set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted).[2]

### B. Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true

---

[2] Although the Supreme Court has abrogated this standard in the Rule 12(b)(6) context, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), courts still use this verbiage in the Rule 12(b)(1) context. *See, e.g.*, *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 348 (5th Cir. 2020).

and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS

#### A. *The Grimmetts' Suit Is Not Subject to IDEA Exhaustion*

Before filing a lawsuit under separate statutory causes of action seeking relief that is also available under IDEA, plaintiffs must exhaust the formal administrative procedures mandated by IDEA. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017) (citing 20 U.S.C. § 1415(l)). But when the core guarantee of IDEA, a free and appropriate public education ("FAPE"), is not the gravamen of the plaintiff's suit, exhaustion is not necessary. *Fry*, 580 U.S. at 158. The Fifth Circuit has explained that this analysis must be conducted by examining the complaint as a whole rather than each claim individually. *W.S. by & through Elizabeth S.G. v. Dallas Indep. Sch. Dist.*, 2022 WL 6316442, at *3 (5th Cir. 2022) (citing *T.B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1053 (5th Cir. 2020)). The Supreme Court articulated a two-part inquiry to assess whether the complaint is subject to exhaustion:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public

  theatre or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?

*Fry*, 580 U.S. at 171. When these questions are answered affirmatively and there are no express allegations related to the denial of a FAPE, the complaint probably does not concern a FAPE. *Id*.

  When adults physically abuse a disabled student at school, exhaustion is not required because the substance of the claim does not involve the adequacy of the educational program. *Wilson v. City of Southlake*, 2021 WL 4936251, at *5 (N.D. Tex. 2021) (citing *Fry*, 580 U.S. at 172 n.9); *see also Heston v. Austin Indep. Sch. Dist.*, 816 F. App'x 977, 982 (5th Cir. 2020) (unpub.) (Claims "that are solely concerned with physical injury and abuse are not subject to the exhaustion requirements of the IDEA."). The physical abuse exception applies regardless of whether the teacher struck the disabled student out of animus or frustration. *See Fry*, 580 U.S. at 172 n.9.

  Because the Grimmetts have not alleged exhaustion of administrative remedies under IDEA, the Court proceeds directly into the gravamen analysis. The complaint overwhelmingly focuses on the alleged abuse of J.G. and the policies that allowed the physical assault to take place. The first paragraph of the complaint characterizes the case as a "school abuse case" involving "verbal and physical abuse and physical restraint." Am. Compl. ¶ 1. The Grimmetts claim that the teacher aide's "engag[ed] him in a highly threatening manner" and "struck him across the face and neck." *Id*. ¶ 12. When J.G. brought this behavior to the attention of his parents, he complained that "he had been hit." *Id*. ¶ 13. Throughout the facts section of the complaint, the alleged policies are related

ORDER – PAGE 5

back to the physical and verbal abuse. *See, e.g.*, *id*. ¶ 20. In fact, the complaint does not mention the failures to reasonably accommodate J.G.'s disability or the effect on his educational achievement until the final two paragraphs of the facts section. *Id*. ¶ 25. The two-step assessment from *Fry* demonstrates that the FAPE is not at issue; J.G. could bring the same claims if he were physically assaulted in any other public facility, and an adult would be entitled to bring the same claim if physically assaulted within a school. *See Fry*, 580 U.S. at 171. Although the ADA and Section 504 claims relate to reasonable accommodations within the classroom, they are outweighed by the allegations of physical harm.[3] This suit falls squarely within *Fry's* physical abuse exception, and accordingly, the Grimmetts' claims may proceed without IDEA exhaustion.

### B. The Grimmetts Have Not Adequately Pled Their Claims Under Rule 12(b)(6)

***1. The Grimmetts' Have Not Adequately Pled a Custom or Policy.*** – Section 1983 does not permit vicarious liability for municipalities. A "municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). Municipality or corporate liability under section 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*,

---

[3] Although the Court may have come to a different conclusion regarding the ADA and Section 504 claims in isolation, the Court must analyze the gravamen of the complaint as a whole. *W.S.*, 2022 WL 6316442, at *3.

436 U.S. at 694). If plaintiffs do not sufficiently plead all three elements, they run the risk of collapsing their claim into one of respondeat superior liability. *Id.* at 580.

There are two ways of defining an "official custom or policy" for the purposes of *Monell* liability:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)).

When proceeding under the custom prong, the precise identity of a policymaker is a question of law, but a plaintiff must still allege that "'[a]ctual or constructive knowledge of such custom' is attributed to a . . . policymaker." *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (quoting *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)); *see also Blanchard-Daigle v. Greers*, 802 F. App'x 113, 117 (5th Cir. 2020) (unpub.) ("Indeed, we said that naming the entity that acted under the policy was fundamental.") (citing *Groden v. City of Dallas*, 826 F.3d 280, 284 n.4 (5th Cir. 2016)).

Here, the Grimmetts engage in two forms of impermissible group pleading. First, the Grimmetts repeatedly identify the alleged violations in an ambiguous manner, labeling them as "policies, procedures, and/or customs." *See, e.g.*, Am. Compl. ¶ 36. But the

ORDER – PAGE 7

standard for determining municipal liability differs between promulgated policy and persistent practices constituting a custom. Failing to specify a theory of liability creates confusion that is amplified by the second pleading deficiency: the Grimmetts inappropriately group DISD's Board of Trustees and other policy makers together. As a result, it is unclear which employees or entities promulgated the policies at issue, who did or should have had knowledge of staff behavior, and whether any policymaker might have ratified the alleged customs. This level of generality cannot satisfy the plausibility requirement of Rule 12(b)(6). Accordingly, all section 1983 claims against DISD must be dismissed.

      *2. The Grimmetts' Allegations Related to Racial Discrimination Under Title VI Are Insufficient.* – Section 601 of Title VI of the Civil Rights Act of 1964 "prohibits only intentional discrimination." *Bhombal v. Irving Indep. Sch. Dist.*, 809 F. App'x. 233, 236 (5th Cir. 2020) (unpub.) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)). The Grimmetts' complaint incorporates the allegations related to disability discrimination into the Title VI claim. Am. Compl. ¶ 24. In relation to the disability claims, the Grimmetts identified policies and customs related to failure to train and supervise, failure to monitor video surveillance, and failure to monitor the use of restraints in non-emergency circumstances. But there is no further explanation of how these policies lead to racial discrimination. None of these policies facially target an individual race, nor is there any explanation of how these policies disadvantage African American students. Accordingly, the Court dismisses the Title VI claims.

***3. The Grimmetts' Allegations Related to Disability Discrimination in Violation of the ADA Are Insufficient.*** – A *prima facie* case of discrimination under the ADA requires that a plaintiff demonstrate "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Estate of A.R. v. Muzyka*, 543 F. App'x. 363, 365 (5th Cir. 2013) (unpub.) (quoting *Melton v. Dallas Area Rapid Transit,* 391 F.3d 669, 671–72 (5th Cir. 2004)). The Fifth Circuit has equated liability standards under Section 504 and the ADA. *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010) (citing *Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000)).

The parties do not dispute that J.G. is a qualified individual under the ADA. The Grimmetts argue that the policies, practices, and customs issued by DISD lead to disability discrimination. But the Grimmetts' ADA and Section 504 claims fail for the same reason as the Section 1983 claims; the group pleading within the complaint makes it unclear who promulgated the policies, who did or should have had knowledge of staff behavior, or whether any policymaker might have ratified the alleged customs. Therefore, the Court cannot determine whether the public entity has engaged in discrimination as opposed to isolated individuals, whose actions alone do not satisfy the requirement for school district liability under the ADA. Accordingly, the Court dismisses the Grimmetts' ADA and Section 504 claims.

ORDER – PAGE 9

## CONCLUSION

Because the gravamen of the complaint is physical abuse, IDEA exhaustion does not apply to the Grimmetts' claims. However, the Grimmetts have not sufficiently stated a claim under against DISD upon which relief can be granted, and accordingly the Court grants the motion to dismiss. The Court also grants the Grimmetts' leave to amend their pleadings regarding DISD within thirty (30) days of this Order. If the Grimmetts do not amend their claims against DISD within that time, the Court will dismiss their claims against DISD with prejudice without further notice. This Order does not affect the Grimmetts' claims against individual defendants.

Signed November 28, 2022.

_David C. Godbey_
David C. Godbey
Chief United States District Judge